UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60126-LEIBOWITZ

UNITED STATES OF AMERICA,

v.

JANICE ELEANOR TURNER,
and
KISEAN PAUL ANDERSON,
      a/k/a Sean Kingston
         Defendants.
_____/

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.   1.   There are no recorded statements made by the defendant.

      2.   That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

      3.   No defendant testified before the Grand Jury.

      4.   The NCIC of the defendants are attached.

      5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Blvd., Suite 700, Ft. Lauderdale, Florida, 33394. Please call the undersigned to set up a date and time that is convenient to both parties.

          The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

      6.      Scientific tests or experiments were not conducted in connection with this case.

B. **DEMAND FOR RECIPROCAL DISCOVERY**: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions, if applicable, of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was not identified in a lineup, show up, photo spread, or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband was involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is currently in the government's possession.

M. The government is not aware of fingerprints or palm prints which have been identified by a government expert as those of the defendant.

  N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

  O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

  P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

  In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

  Time:
  Date: See indictment
  Place:

**The attachments to this response include:**

USAFx Box document transfer link entitled "US v. Turner and Anderson Discovery"

  Respectfully submitted,

  **MARKENZY LAPOINTE**
  UNITED STATES ATTORNEY

By: /s/ Marc S. Anton
  MARC S. ANTON
  Assistant U.S. Attorney
  Florida Bar No. 0148369
  500 East Broward Blvd., Suite 700
  Ft. Lauderdale, Florida 33394
  Tel: (954) 660-5096
  Fax: (954) 356-7230
  Marc.anton@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and electronically transferred copies of all attachments on September 10, 2024 to James Stark, Esq., counsel for Defendant Turner, at jmstarkpa@aol.com and Robert Rosenblatt, Esq., counsel for Defendant Anderson, at rosenblattlaw@hotmail.com.

/s/ Marc S. Anton
Assistant U.S. Attorney