**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
)
JANICE ELEANOR TURNER and )
KISEAN PAUL ANDERSON, a/k/a )
SEAN KINGSTON, )
Defendants. )
)

CASE NO. 24-CR-60126-LEIBOWITZ

**DEFENDANTS' MOTION TO DISMISS INDICTMENT, OR ALTERNATIVELY TO CONDUCT DISCOVERY AND SET AN EVIDENTIARY HEARING FOR SELECTIVE AND VINDICTIVE PROSECUTION**

ROBERT A. ROSENBLATT
7695 SW 104th Street
Second Floor, Suite 230
Pinecrest, Florida 33156
Tel: 305-536-3300
Fax: 305-667-2252
rosenblattlaw@hotmail.com
Counsel for Kisean Anderson a/k/a
Sean Kingston
Fla.Bar No.153239

JAMES M. STARK
633 S. Federal Highway
6th Floor
Ft. Lauderdale, Florida 33301
Tel: 954-522-3307
jmstarkpa@aol.com
Counsel for Janice Turner
Fla.Bar No. 169712

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA, )
Plaintiff )
)
v. )
)
JANICE ELEANOR TURNER and ) CASE NO. 24-CR-60126-LEIBOWITZ
KISEAN PAUL ANDERSON, a/k/a )
SEAN KINGSTON, )
Defendants. )
)

**DEFENDANTS' MOTION TO DISMISS INDICTMENT OR ALTERNATIVELY TO CONDUCT DISCOVERY AND REQUEST FOR AN EVIDENTIARY HEARING DUE TO VINDICTIVE AND SELECTIVE PROSECUTION WITH INCORPORATED MEMORANDUM OF LAW**

Defendants by and through their respective undersigned counsel move this Honorable Court to dismiss indictment based upon a vindictive and selective prosecution which violates the equal protection component of the Due Process Clause of the United States Constitution or alternatively to permit discovery and set an evidentiary hearing and allege as follows:

**FACTUAL BACKGROUND**

The indictment involves allegations of wire fraud committed by the defendants. Briefly stated, the alleged victims of the wire fraud entered into oral contracts with the defendants. The defendants would send the victims sizable monetary deposits. In return to pay off the balance of the cost of merchandise, the defendant KINGSTON would agree to promote the merchandise by endorsing and recommending to his fellow performers to use and purchase merchandise from the

complaining witnesses for their benefit and pay off any balance. There was no date certain as to when the oral contract would be satisfied. At some point, some of the complaining witnesses became dissatisfied with the defendants and sought the assistance of the Broward Sheriff's Office to recover the merchandise. On May 24th, 2024, the Sheriff's office entered the defendants' residence and searched for the merchandise pursuant to a state search warrant. It is noteworthy that no federal agents or federal law enforcement participated in the search. Both defendants were arrested on May 24th, 2024. On June 5th, 2024 both defendants posted a corporate bond which required a 10% premium. It was not until almost two (2) months later that the State filed the information against both defendants. A copy of the information is attached as "**Exhibit 1**". The State then scheduled the arraignment for August 26th, 2024. This was now three (3) months post arrest.

The federal indictment was filed on July 12th, 2024. Eleven days later, on July 22nd, 2024, the State filed the information. Although neither defendant had been arrested by federal agents, an indictment was returned against the defendants. A voluntary surrender was arranged on July 19th, 2024 and the defendants for the second time posted bond.

It is readily apparent that during this time, the state and federal prosecutors were working together to not only insure that the indictment was filed before the information, but made sure that the indictment alleged violation of wire fraud only pursuant 18 U.S.C. 1343 and 1349, while the state information alleged violation which consisted of grand theft and other charges and carefully steered away from invoking Fla.Stat. 817.034 which is the state's wire fraud statute. The defendants have entered not guilty pleas and demanded a jury trial in state and before this Honorable Court.

**DUAL AND SUCCESSIVE PROSECUTIONS**

The Department of Justice ("DOJ") has established a policy concerning dual and successive prosecutions as set forth in *Principles of Federal Prosecutions Justice Manual*, 9-2:031(5) ("JM"). The purpose of this policy is in part to protect persons charged with criminal conduct from the burdens associated with multiple prosecutions and punishments for substantially the same act(s) or transaction(s). See JM-9-2.031. In order for a federal prosecutor to proceed when there are state charges based upon the same acts or transactions, the policy must satisfy three (3) prerequisites. First, the matter must involve a substantial federal interest. This matter fails this requirement. While the indictment alleges violations of 18 U.S.C. 1343 and 1349, it hardly is a "substantial federal interest". While not minimizing the charges, this indictment concerns alleged losses to the complaining witnesses of approximate one million dollars. The defense believes is is far less but even assuming the government estimate is correct, the losses are far less than otherwise fraud cases filed in this district. Next, the state prosecution must have left that interest not vindicated. The State could (and still can) have filed the wire fraud allegation under Florida Law. However, the apparent agreement between the state prosecutors and AUSA Anton, was carefully crafted that the State would avoid any wire fraud counts while the indictment would allege violations of 18 U.S.C. 1343-1349. The federal prosecutor cannot assert this reason as justification for dual prosecution of the defendants in that they orchestrated this situation. This reminds us of the old example of the child who slays his parents and then asks for sympathy because he or she is an orphan. The last prerequisite is not relevant in that the first two have not been met. The State has veteran able prosecutors who can

present the same wire fraud allegations that exist in the indictment. Thus the federal interest is vindicated and the continuation of federal charges are unwarranted at this time.

The DOJ policy requires that federal prosecutors should, as soon as possible, consult with the state counterparts to determine the ***APPROPRIATE SINGLE FORUM*** (emphasis added) in which to proceed to satisfy the federal and state interest involved, and if possible to resolve all criminal liability for the acts in question. (See JM-9-2.031(1). This policy applies even where a state prosecution would not ban a subsequent federal prosecution under the Double Jeopardy Clause. *United States v. Dixion*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932). In summary, there is no valid reason as to why the indictment should remain pending in federal court as the State of Florida is the most appropriate single forum to address these acts or transactions. In addition, under JM-9-2.031, this matter should have been submitted to the Assistant Attorney General and written consent must be obtained before bringing a prosecution governed by this policy. JM-9-2.031 requires that "the United States will move to dismiss any prosecution governed by this policy in which approval was not obtained".

The defendants have not received any such written approval in discovery. The government should either furnish proof to the court and defense counsel that an Assistant Attorney General has provided the necessary approval, if not, this indictment is required to be dismissed by the government or this Court.

We recognize that the failure to follow DOJ's own justice manual does not create rights that may be enforced by defendants against the Department. However "the government's failure to follow its normal prosecution practices mandates stricter judicial scrutiny of the prosecution. See *Haggerty* at 528 F.Supp. at pg. 1192.

**THE DEFENDANTS ARE VICTIMS OF VINDICTIVE AND SELECTIVE PROSECUTION**

The indictment of the defendants reflects a selective and vindictive prosecution and should be dismissed in accordance with the due process and equal protection components of the Fifth Amendment. The legal necessity of dismissing a selective and vindictive prosecution has occurred because it is difficult to prove what is in the mind of prosecutors. See e.g. *United States v. Armstrong*, 517 U.S. 456-465 (1996). However, the evidence in this case shows that the defendants are the victims of a selective and vindictive prosecution as will be demonstrated.

Vindictive prosecution is a species of selective prosecution where an accused must prove by a preponderance of the evidence that "(I) the prosecutor harbored genuine animus; and (2) absent this motive, defendant would not have been prosecuted". *Monsooor*, 77 F.3d at 1034 (citations omitted). This can be done in "one of two ways: (1) present objective evidence that a prosecutor's actions were designed to punish him or her for asserting his or her legal rights, which is proof of actual vindictiveness; or (2) show sufficient facts to give rise to a presumption of vindictiveness, which may be overcome by objective evidence justifying the prosecutor's actions.: *United States v. Williams*, 2020 WL 5960689, at *10 (E.D. La. Oct. 8th, 2020). An important difference between this claim and one for selective prosecution is that a presumption of vindictiveness may apply even absent proof of improper motive … where there exists a realistic likelihood of vindictiveness." Id. (Citations omitted); *United States v, Velsicol Chem. Corp.*, 498 F.Supp 1255, 1263-64 (D.D.C. 1980) ("The vindictive prosecution doctrine reaches

all prosecutions that pose a realistic likelihood of vindictiveness, whether or not the prosecutor acted out of vindictiveness in fact.") (citations omitted).

Prosecution is vindictive when the prosecutor acts on his own animus or "was prevailed upon to bring the charges by another animus.". *United States v. Koh*, 199 F.3d 632, 640 (2d Cir. 1999); *Monsoor*, 77 F.3d at 1035 (where an outside party "in some way prevail[s] upon the prosecutor in making the decision to seek an indictment", the "ill will, whoever its bearer", may be "imputed to federal prosecutors"); *Adams*, 870 F.2d at 1140 (evidence that party had "instigated and pushed" the prosecution-supported claim that outside forces were "able to prevail upon the Department of Justice to institute a prosecution that [otherwise] would not have been undertaken") (See defendants' **exhibit 2**). Perhaps, the prototypical example of vindictive prosecution is based on a desire to punish the defendant when a prosecution is based on a personal stake or interest. *Velsicol*, 498 F.Supp. at 1265 (dismissing a vindictive prosecution based on government's "institutional stake" in discouraging third-party conduct and avoiding "contempt for federal law enforcement"); *Collins v. Jones*, 2015 WL 790055, at *11 (E.D. Pa. Feb. 24th, 2015) (vindictive prosecution includes charges "motivated by the prosecutor's personal stake in the outcome of a case" (quoting *United States v. Pittman*, 642 F.3d 583, 586 (7th Cir. 2011)).

In 2005 the defendant JANICE TURNER was indicted for mortgage fraud under case number 05-CR-60165-WPD. AUSA Marc S. Anton was the prosecutor. Ms. Turner entered a plea agreement and received a sentence of 16 months of imprisonment and supervised release of 60 months with restitution, AUSA Anton remained on the case until the supervised release was terminated in early 2012. AUSA dealt with Ms. Turner from June of 2005 through early 2012.

Ms. Turner and her son KISEAN ANDERSON a/k/a SEAN KINGSTON were arrested on May 24th, 2024. In that KISEAN ANDERSON a/k/a SEAN KINGSTON is a well known musical performer, his arrest was widely publicized locally and nationally. AUSA Anton became aware of the arrest of the defendants in May of 2024. According to the website of the Ft. Lauderdale United States Attorney's Office, there are at least 32 attorneys in the criminal and civil departments. It should be noted that AUSA Anton is designated as a "national security section" prosecutor in the Ft. Lauderdale office. This wire fraud indictment certainly is not a threat to national security. In this case, there was no federal involvement other than AUSA Anton bringing the indictment. There were no federal agents at the search and no federal arrests until the voluntary surrender to the Marshalls on July 19th, 2024. It cannot be a coincidence that of all of the prosecutors in the U.S. Attorney's Office that AUSA Anton was randomly assigned to this case. This has the appearance of vindictiveness which is enough to place burden on the prosecution to show a legitimate motive. *United States v. Ruesga-Martinez* 534 F.2d 1367, 1369 (9th Cir. 1976). It is apparent from the timing and the way the state and federal prosecutors drafted the charges that at least there is the appearance of vindictiveness. In *United States v. Groves*, 571 F.2d 450 (9th Cir. 1978) held that the timing of a subsequent indictment can render it suspect. In *United States v. Adams*, 870 F.2d 1140 (6th Cir 1989) the Court found that there might have been a likelihood of vindictiveness based upon a prosecutorial intent to punish the defendant. Id. at 1145-1146. The Court found that the defendant's evidence presented a suspicious reasoning behind the prosecutor's action. The Court noted that it could not recall an instance in which a taxpayer who voluntarily amended her return and paid the deficiency had been prosecuted. Similarly, undersigned counsel cannot recall a similar wire fraud case has been

prosecuted separately in State and Federal courts at the same time. Perhaps the government can point this Court to wire fraud cases in which both, the state and federal governments were able to prosecute a similar defendant as Ms. Turner and Kieran Anderson a/k/a Sean Kingston. If the government cannot furnish this Court with others who have been prosecuted in state and federal court at the same time, then this shows that this prosecution is selective and vindictive.

The facts in this case are that AUSA Anton prosecuted Ms. Turner in 2005 and stayed on her case through early 2012. AUSA Anton learned about the arrest of Ms. Turner on or about May 24th, 2024 as it was widely publicized. Thereafter, AUSA Anton discussed with the State prosecutor, Kathy Heaven of having the state file grand theft and criminal use of personal identification information that also was the basis for the federal wire fraud indictment. It was agreed that the indictment would be filed before the state information in order to support the federal jurisdiction. This forced the defendants to use their limited assets in contesting the indictment and information. The defendants had to post two (2) separate bonds and use their limited resources to retain attorneys to represent them in both state and federal court. Moreover, should there be convictions in state and federal court, the defendants could face consecutive sentences of imprisonment for same acts or transactions. In any successful wire fraud prosecution there always will be a grand theft as well as other possible law violations besides wire fraud. AUSA Anton is an AUSA in the national security section of the U.S. Attorney's Office. This wire fraud has nothing to do with national security. Based on this, it appears that he was not randomly selected to prosecute this case. It appears that he is improperly motivated in this case against Ms. Turner. As Circuit Court Judge Pell wrote in *United States v. Falk*, 479 F.2d 616 (7th Cir. 1973) "I offer no apologies for, non approbation of, the prosecutor who may be

improperly motivated in a case involving a particular individual. Such conduct is beneath both the dignity and the purpose of the office to which is entrusted the enforcement of our criminal laws on an objective basis. Because prosecutors along with the rest of public officials are subject to human frailties, and may on occasion let those characteristics override propriety". *Falk*, at pg. 637.

"The judiciary has always borne the basic responsibility for protecting individuals against unconstitutional invasions of their rights by all branches of the Government". *Stanler v. Willis*, 415 F.2d 1365, 1369-1370 (7th Cir. 1969) Cert. denied at 399 U.S. 929 (1970). There has been a sufficient showing to warrant judicial inquiry into the motive of the prosecutor. *Falks* held that "because a particular department of the Government may exert its lawful powers with the object or motive of reaching an end not justified, therefore it becomes the duty of the judiciary to restrain the exercise of a lawful power wherever it seems to the judicial mind that the lawful power has been abused. *Falk* at pg. 630. Where there has been a *prima facie* showing of "a realistic likelihood of vindictiveness" it is incumbent upon the district court to conduct an evidentiary hearing where the government's explanations can be formally presented and tested *United States v. Andrews*, 633 F.2d at pg. 457. And a criminal defendant "may … be entitled to discovery or the issue of selective prosecution if he introduces some evidence tending to show the existence of the essential elements of the defense. *United States v. Schmucker*, 815 F.2d 413, 418 (6th Cir. 1987), quoting *United States v. Mitchell*, 778 F.2d 1271, 1277 (7th Cir. 1985) and *United States v. Berrios*, 501 F.2d 1207, 1211 (2nd Cir. 1974), See also *United States v. Adams*, 870 F.2d 1140 (6th Cir. 1989).

In view of the government's admitted policy in the justice manual, it is incumbent upon the government to come forward with evidence to explain why the defendants are being singled out for prosecution in contravention of the government's own procedures. Haggerty, 528 F.Supp at 1293. "The government's failure to follow its normal prosecutorial procedures mandates stricter judicial scrutiny of the prosecution". These facts support an inference of discriminatory effect. The government should show the court similar cases where state and federal prosecutions were able to proceed together. The defendants suggest that there are similarly situated defendants who were not subject to state and federal prosecutions at the same time. These facts fit comfortably in the mold identified by the courts as supporting an appearance of vindictiveness that violates due process.

It does not matter whether the improper purpose belongs to the prosecutor or a third party with influence, as any external interference in the independent judgment of the prosecutors is problematic. See United States v. Monsoor, 77 F.3d at 1035 (where outside party " in some way prevails upon the prosecutor in making the decision to seek an indictment", the "ill will, whoever its bearer" may be imputed to federal prosecutors"); United States v. Adams, 870 F.2d 1140, 1146 (6th Cir. 1989) (evidence that a party had instigated and pushed the prosecution and justified discovery into that party "was able to prevail upon the Department of Justice to institute a prosecution that otherwise would not have been taken"). Whenever a prosecution is selective, vindictive or violates the separations of powers, the tainted charges must be dismissed. See United States v. Mardis, 670 F.Supp at pg. 700-701, where a defendant has demonstrated a "colorable claim" discovery and an evidentiary hearing should be permitted. United States v. Heidecke, 900 F.2d 1155, 1159 (7th Cir. 1990); United States v. Jones, 159 F.3d 969, 978, n.8

(6th Cir. 1998) (granting discovery to give the defendant "the opportunity to move to dismiss the indictment" for selective prosecution). Attached as **Exhibit 2** is evidence of a third party threatening to approach the government to file federal charges against the defendants.

## CONCLUSION

Defendants move for a court order to dismiss or alternatively enter an order granting discovery on the issues raised and after discovery for the court to conduct an evidentiary hearing to determine if dismissal of the indictment is required. The court should not hesitate to step in and safeguard the defendants' rights, the independence of purity of government and the integrity of purity of government and the integrity of the justice system. Our society is not bettered by law enforcement that … is not conducted in a spirit of fairness or good faith. *United States v. Banks*, 383 F.Supp at 397. This prosecution falls in that category and the Court should, if not dismiss, grant discovery and conduct an evidentiary hearing in these issues.

Per this Court's Trial Order, Defendants have attempted to ascertain AUSA Anton's position on this matter. However, his emails states that he would be out of the office from December 23rd through December 30th, 2024 and without access to his emails. Therefore, Defendants are unable to represent Mr. Anton's position with regards to this matter.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with via e-portal and copied to: Marc S. Anton, AUSA, 500 East Broward Blvd., Suite 700, Ft. Lauderdale, Fl 33394, **marc.anton@usdoj.gov**, Tanya Okun at: **tanya_okun@flsp.uscourts.gov** and to **trevor.jones@usdoj.gov** this 31st day of December, 2024.

Respectfully Submitted,

/s/: ROBERT A. ROSENBLATT
THE ROSENBLATT LAW FIRM
7695 SW 104th Street
Second Floor, Suite 230
Pinecrest, Florida 33156
(305) 536-3300
**rosenblattlaw@hotmail.com**

Attorney for Kisean Anderson
a/k/a Sean Kingston

/s/: JAMES M. STARK
633 S. Federal Highway
6th Floor
Ft. Lauderdale, Fl 33301
(954) 522-3307
**jmstarkpa@aol.com**

Attorney for Janice Turner

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

| | | |
|---|---|---|
| THE STATE OF FLORIDA, | : | INFORMATION FOR: |
| Plaintiff, | : | Count 1. Organized Fraud 1°F. |
| vs. | : | 2-4. Criminal Use of Personal Identification Information 1°F. |
| KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER, | : | 5. Criminal Use of Personal Identification Information 2°F. |
| Defendants. | : | 6-7. Grand Theft 1°F.<br>8-9. Grand Theft 2°F. |

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

COUNT 1

HAROLD F. PRYOR, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that between March 1, 2021 and May 23, 2024, inclusive, in the County and State aforesaid, the defendants, **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER,** did then and there did engage in a scheme to defraud, to-wit: making false representations to various individuals listed in Attachment 'A', and thereby obtained property without paying the negotiated amount(s) for said property or services received whereby the said **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER** did obtain property of an aggregate value of fifty thousand dollars ($50,000.00) or more, from the individuals listed on attachment 'A', contrary to Section 817.034(4)(a)1, Florida Statutes. (L7)

KH/mgw/07/22/24

exhibit 1.

ATTACHMENT 'A'

MOSHE EDERY and/or MAZAL JEWELERS and/or

MAREE, INC. and/or ERICA GLEATON and/or

OCEAN AUTO CLUB and/or OCEAN MAZDA and/or

VERVER ENTERTAINMENT and/or EXPIMLED and/or ARIEL MATEOS and/or

ANDRII NIKOLENKO and/or IULIA PUGACHEV and/or MARK PUGACHEV

and/or OTHERS

COUNT 2

HAROLD F. PRYOR, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that between July 22, 2021 and May 23, 2024, inclusive, in the County and State aforesaid, the defendants, **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER,** did then and there willfully and without authorization fraudulently use personal identification information concerning a person, to wit: Bank of America, without first obtaining that person's consent, and the pecuniary benefit, value of services received, payment sought to be avoided, or the amount of the injury or fraud was one hundred thousand dollars ($100,000.00) or more, and said personal identification information was presented to Moshe Edery/Mazal Jewelers, contrary to Section 817.568(2)(c), Florida Statutes. (L7)

COUNT 3

HAROLD F. PRYOR, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that between July 22, 2021 and May 23, 2024, inclusive, in the County and State aforesaid, the defendants, **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER,** did then and there willfully and without authorization fraudulently use personal identification information concerning a person, to wit: First Republic, without first obtaining that person's consent, and the pecuniary benefit, value of services received, payment sought to be avoided, or the amount of the injury or fraud was one hundred thousand dollars ($100,000.00) or more, and said personal indentification information was presented to Miguel Rodriguez/ Ocean Auto Club, contrary to Section 817.568(2)(c), Florida Statutes. (L7)

COUNT 2

HAROLD F. PRYOR, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that between July 22, 2021 and May 23, 2024, inclusive, in the County and State aforesaid, the defendants, **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER,** did then and there willfully and without authorization fraudulently use personal identification information concerning a person, to wit: Bank of America, without first obtaining that person's consent, and the pecuniary benefit, value of services received, payment sought to be avoided, or the amount of the injury or fraud was one hundred thousand dollars ($100,000.00) or more, and said personal identification information was presented to Moshe Edery/Mazal Jewelers, contrary to Section 817.568(2)(c), Florida Statutes. (L7)

COUNT 3

HAROLD F. PRYOR, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that between July 22, 2021 and May 23, 2024, inclusive, in the County and State aforesaid, the defendants, **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER,** did then and there willfully and without authorization fraudulently use personal identification information concerning a person, to wit: First Republic, without first obtaining that person's consent, and the pecuniary benefit, value of services received, payment sought to be avoided, or the amount of the injury or fraud was one hundred thousand dollars ($100,000.00) or more, and said personal indentification information was presented to Miguel Rodriguez/ Ocean Auto Club, contrary to Section 817.568(2)(c), Florida Statutes. (L7)

COUNT 4

HAROLD F. PRYOR, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that between July 22, 2021 and May 23, 2024, inclusive, in the County and State aforesaid, the defendants, **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER,** did then and there willfully and without authorization fraudulently use personal identification information concerning a person, to wit: Bank of America, without first obtaining that person's consent, and the pecuniary benefit, value of services received, payment sought to be avoided, or the amount of the injury or fraud was one hundred thousand dollars ($100,000.00) or more, and said personal identification information was presented to Andrii Nikolenko, contrary to Section 817.568(2)(c), Florida Statutes. (L7)

COUNT 5

HAROLD F. PRYOR, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that between July 22,, 2021 and May 23, 2024, inclusive, in the County and State aforesaid, the defendants, **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER,** did then and there willfully and without authorization fraudulently use personal identification information concerning a person, to-wit: Novo and/or Middlesex Federal, without first obtaining that person's consent, and the pecuniary benefit, value of services received, payment sought to be avoided, or the amount of the injury or fraud was five thousand dollars ($5,000.00) or more, but less than fifty thousand dollars ($50,000.00), contrary to Section 817.568(2)(b), Florida Statutes. (L5)

COUNT 6

HAROLD F. PRYOR, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that between March 1, 2021 and May 23, 2024, inclusive, in the County and State aforesaid, the defendants, **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER,** did then and there, pursuant to one scheme or course of conduct, unlawfully and knowingly obtain or use, or endeavor to obtain or use, the property of Ocean Auto Club and/or Ocean Mazda, of the value of one hundred thousand dollars ($100,000.00) or more, with the intent to either temporarily or permanently deprive Ocean Auto Club and/or Ocean Mazda of a right to the property or benefit from the property, or to appropriate the property to their own use or to the use of any person not entitled to the use of the property, contrary to Sections 812.014(1)(a), 812.014(1)(b) and 812.014(2)(a)1, Florida Statutes. (L7)

COUNT 7

HAROLD F. PRYOR, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that between March 1, 2021 and May 23, 2024, inclusive, in the County and State aforesaid, the defendants, **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER,** did then and there, pursuant to one scheme or course of conduct, unlawfully and knowingly obtain or use, or endeavor to obtain or use, the property of property of Andrii Nikolenko and/or Iulia Pugachev and/or Mark Pugachev, of the value of one hundred thousand dollars ($100,000.00) or more, with the intent to either temporarily or permanently deprive Property of Andrii Nikolenko and/or Iulia Pugachev and/or Mark Pugachev of a right to the property or benefit from the property, or to appropriate the property to their own use or to the use of any person not entitled to the use of the property, contrary to Sections 812.014(1)(a), 812.014(1)(b) and 812.014(2)(a)1, Florida Statutes. (L7)

COUNT 8

HAROLD F. PRYOR, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that between March 1, 2021 and May 23, 2024, inclusive, in the County and State aforesaid, the defendants, **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER,** did then and there, pursuant to one scheme or course of conduct, unlawfully and knowingly obtain or use, or endeavor to obtain or use, the property of Maree, Inc. and/or Erica Gleaton, of the value of twenty thousand dollars ($20,000.00) or more, but less than one hundred thousand dollars ($100,000.00), with the intent to either temporarily or permanently deprive Maree, Inc. and/or Erica Gleaton of a right to the property or benefit from the property, or to appropriate the property to their own use or to the use of any person not entitled to the use of the property, contrary to Sections 812.014(1)(a), 812.014(1)(b) and 812.014(2)(b)1, Florida Statutes. (L6)

COUNT 9

HAROLD F. PRYOR, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that between March 1, 2021 and May 23, 2024, inclusive, in the County and State aforesaid, the defendants, **KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and JANICE ELEANOR TURNER,** did then and there, pursuant to one scheme or course of conduct, unlawfully and knowingly obtain or use, or endeavor to obtain or use, the property of Verver Entertainment and/or Expimled and/or Ariel Mateos, of the value of twenty thousand dollars ($20,000.00) or more, but less than one hundred thousand dollars ($100,000.00), with the intent to either temporarily or permanently deprive Verver Entertainment and/or Expimled and/or Ariel Mateos of a right to the property or benefit from the property, or to appropriate the property to their own use or to the use of any person not entitled to the use of the property, contrary to Sections 812.014(1)(a), 812.014(1)(b) and 812.014(2)(b)1, Florida Statutes. (L6)

**STATE OF FLORIDA vs.** **Identifying Data:** 

**KISEAN PAUL ANDERSON a/k/a SEAN KINGSTON and** **DOB 02/03/1990 B/M**
**JANICE ELEANOR TURNER** **DOB 02/16/1963 B/F**

COUNTY OF BROWARD
STATE OF FLORIDA

Personally appeared before me **KATHRYN HEAVEN,** duly appointed as an Assistant State Attorney of the 17th Judicial Circuit of Florida by HAROLD F. PRYOR, State Attorney of said Circuit and Prosecuting Attorney for the State of Florida in the County of Broward, who being first duly sworn, certifies and says that testimony has been received under oath from the material witness or witnesses for the offenses and the allegations as set forth in the foregoing Information would constitute the offenses charged, and that this prosecution is instituted in good faith.

ASSISTANT STATE ATTORNEY
17th Judicial Circuit of Florida

SWORN TO AND SUBSCRIBED before me this 22nd day of July, 2024.

BRENDA D. FORMAN
Clerk of the Circuit Court
17th Judicial Circuit,
Broward County, Florida

BY__________________
Deputy Clerk

To the within Information,
Defendant pleaded ______________________________.

BRENDA D. FORMAN
Clerk of the Circuit Court
17th Judicial Circuit,
Broward County, Florida

BY__________________
Deputy Clerk

ownload  Full screen Print  Show email 

19:06



seankingston



This is the deal
You need to return the watches today by the end of the day .
Or tomorrow morning Mark and I will file several police reports, he's got connection with feds too. Also he'll make it big in his IG and news. He's not going to let it go
He warned you yesterday

20 МАРТА, 12:11

You handle it simple today by 6pm you meet with him and you return the owner Richard Mille and AP watches
Stop dreaming that he'll let it go .
I'm flying down to Mia tonight
If he doesn't get the watches back by this evening
Tomorrow it will be a different situation with cops , feds and media involved he'll make it huge
He's got all ownership proofs and the conversations . This time for 600.000 jewelry grand theft won't be looking good for you with with all his connections

exhibit 2.