UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cr-60126-LEIBOWITZ

**UNITED STATES OF AMERICA**,

    *Plaintiff*,

vs.

**JANICE ELEANOR TURNER and
KISEAN PAUL ANDERSON, a/k/a
SEAN KINGSTON**,

    *Defendants*.

_____/

**ORDER**

    Before the Court is the Defendants' Motion to Dismiss Indictment or Alternatively to Conduct Discovery and Set an Evidentiary Hearing for Selective and Vindictive Prosecution (the "Motion") [ECF No. 39], filed on December 31, 2024. Defendants seek to dismiss their indictment for one count of conspiracy to commit wire fraud and five substantive counts of wire fraud. [ECF No. 1]. The United States filed a Response in Opposition to Defendants' Motion to Dismiss (the "Response") [ECF No. 40]. Defendants filed a Reply to the United States' Response (the "Reply") [ECF No. 43]. For the following reasons, the Motion completely lacks merit and is DENIED.

**I.    BACKGROUND**

    On May 24, 2024, the Broward Sheriff's Office executed a state search warrant on the Defendants' residence, and the Defendants were arrested on that same day. [ECF No. 39 at 3]. Evidence of the Defendants' fraudulent conduct supporting their state arrest and the search of the residence was provided to Assistant United States Attorney Marc Anton by the lead Broward Sheriff's Office detective and the United States Secret Service. [*Id*.]. The investigation was opened and assigned to AUSA Anton and AUSA Trevor Jones in the Economic Crimes Section. [ECF No. 40 at 2]. AUSA

Anton sits in the Fort Lauderdale Branch Office and has had a lengthy career prosecuting fraud, including a prior federal case against Defendant Turner. [*Id.*].

On July 12, 2024, a grand jury sitting in the Fort Lauderdale Division of this Court returned an indictment (the "Indictment") charging the Defendants with one count of conspiracy to commit wire fraud, 18 U.S.C. § 1343, and five substantive counts of wire fraud, 18 U.S.C. § 1343, related to their alleged defrauding of various victim merchants throughout the country by using false statements and fraudulent wire transfer confirmation records. [ECF No. 3]. That same day, AUSA Anton emailed a copy of the Indictment to the Broward County State Attorney's Office. [ECF No. 40 at 3]. Subsequently, AUSA Anton asked if the State ever filed charges, as he had not seen any filed on the state-court docket. [*Id.*]. AUSA Anton asked whether the State would "no action" any charges that might have been filed but were not visible on the docket based on the filed federal Indictment. [*Id.*]. The State responded in the negative but advised that the State intended to file charges the following week. [*Id.*]. There was no subsequent correspondence by AUSA Anton about the State's charges. [*Id.*].

Ten days after the federal Indictment was returned, on July 22, 2024, the State filed an Information charging the Defendants with various state law violations, including organized fraud, criminal use of personal information, and grand theft. [*See* ECF No. 39 at 14].

II.     DISCUSSION

The Motion seeks dismissal of the Indictment for dual and successive prosecutions and vindictive and selective prosecution based on the pending, subsequently filed State charges and AUSA Anton's prior fraud prosecution of Defendant Turner. [*See generally* ECF No. 39].

"[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364

(1978); *accord United States v. Armstrong*, 517 U.S. 456, 464 (1996); s*ee also United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006) ("As a general rule, as long as the prosecutor has probable cause to believe the accused has committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute.") (citing *United States v. Cole*, 775 F.2d 748, 757 (11th Cir. 1985) and *United States v. Spence*, 719 F.2d 358, 361 (11th Cir. 1983)).

"[S]elective prosecution occurs when a person is prosecuted based on an immutable personal characteristic, such as race or religion, or in response to some constitutionally-protected act that a person has done prior to the criminal charge being brought against him." *United States v. Brown*, 862 F. Supp. 2d 1276, 1285 (N.D. Ala. 2012), *aff'd*, 516 F. App'x 872 (11th Cir. 2013). "Vindictive prosecution is distinguishable from selective prosecution in that vindictive prosecution arises when the severity of the charges against a defendant is increased after the defendant exercises a constitutional right after criminal charges have begun[.]" *Id.* at 1284–85.

With these general maxims in mind, the Court considers the Motion.

A. **Dual and Successive Prosecutions**

Defendants first argue that the United States' decision to prosecute them violated the Petite Policy, a Department of Justice ("DOJ") policy on dual and successive prosecutions. [ECF No. 39 at 4–5]. The Petite Policy was developed by the DOJ, "[i]n response to the [Supreme] Court's continuing sensitivity to the fairness of the multiple prosecution power." *Rinaldi v. United States*, 434 U.S. 22, 28 (1977). The Petite Policy "establishes guidelines for the exercise of discretion by appropriate officers of the Department of Justice in determining whether to bring a federal prosecution based on substantially the same act(s) or transactions involved in a prior state or federal proceeding." Principles of Federal Prosecution Justice Manual ("DOJ Manual") § 9-2.031 (citing *Rinaldi*, 434 U.S. at 27; *Petite v. United States*, 361 U.S. 529 (1960)). The Petite Policy recognizes that "there is no general statutory bar to a federal prosecution where the defendant's conduct already has formed the basis for a state

3

prosecution," but goes on state that "as to certain offenses, a state judgment of conviction or acquittal on the merits shall be a bar to any subsequent federal prosecution for the same act or acts." *Id.* (citing 18 U.S.C. §§ 659, 660, 1992, 2101, 2117 and 15 U.S.C. §§ 80a-36, 1282). The Petite Policy "precludes the initiation or continuation of a federal prosecution, following a prior state or federal prosecution based on substantially the same act(s) or transaction(s) unless three substantive prerequisites are satisfied." *Id.* The prerequisites are that (1) "the matter must involve a substantial federal interest"; (2) "the prior prosecution must have left that interest demonstrably unvindicated"; and (3) "applying the same test that is applicable to all federal prosecutions, the government must believe that the defendant's conduct constitutes a federal offense, and that the admissible evidence probably will be sufficient to obtain and sustain a conviction by an unbiased trier of fact." *Id.* "In addition, there is a procedural prerequisite to be satisfied, that is, the prosecution must be approved by the appropriate Assistant Attorney General." *Id.* The Petite Policy further advises that "[i]n order to insure the most efficient use of law enforcement resources, whenever a matter involves overlapping federal and state jurisdiction, federal prosecutors should, as soon as possible, consult with their state counterparts to determine the most appropriate single forum in which to proceed[.]" *Id.*

In this case, the federal Indictment was filed ten days before the State decided to proceed with its own charges, and there has been no adjudication on the merits of the State charges. [*See* ECF No. 39 at 3]. AUSA Anton contacted the State about the federal charges on the same date that the federal Indictment was filed to see if the State would "no action" any charges that may have been filed by the State. [ECF No. 40 at 3]. The State responded in the negative and advised that it intended to file charges the following week. [*Id.*]. Therefore, the Petite Policy simply does not apply here. The Petite Policy only applies to federal prosecutions based on substantially the same act(s) or transactions involved in a ***prior*** state or federal proceeding. DOJ Manual § 9-2.031. The case here involves a federal prosecution that was commenced prior to the commencement of a state prosecution.

Furthermore, even if the Petite Policy did apply, it does not confer any enforceable rights on the Defendants, as they concede in their Motion. *United States v. Beard*, 41 F.3d 1486, 1489–90 & n.11 (11th Cir. 1995) ("The dual prosecution policy is an internal policy which confers no enforceable rights on a criminal defendant."); *United States v. Nelligan*, 573 F.2d 251, 255 (5th Cir. 1978) ("Petite is an internal policy of self-restraint that should not be enforced against the government.").[1] Therefore, even if the Petite Policy applied, Defendants' belief that the United States did not follow it in deciding to proceed with their prosecution provides no basis for dismissal of the federal Indictment.

### B. Selective Prosecution

Although the Motion casually combines claims of "selective prosecution" and "vindictive prosecution," they are two different things. Defendants boldly proclaim at the outset that the Indictment "reflects a selective and vindictive prosecution and should be dismissed in accordance with the due process and equal protection components of the Fifth Amendment." [ECF No. 39 at 6]. Defendants further contend that "the evidence in this case shows that the defendants are the victims of a selective and vindictive prosecution as will be demonstrated." [*Id.*]. Having placed the Court on the edge of its seat, the Motion utterly fails to deliver the goods.

Although prosecutorial discretion is quite broad, it is not completely unfettered under the law. "[S]electivity in the enforcement of criminal laws is subject to constitutional constraints." *United States v. Batchelder*, 442 U.S. 114, 115 (1979). "[T]he decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification[.]'" *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). "Defendants bear a 'demanding' burden when seeking to establish that they are being selectively prosecuted in an unconstitutional manner." *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (citing *Armstrong*,

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this decision is binding authority for this Court.

517 U.S. at 463). "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary." *Armstrong*, 517 U.S. at 465 (citations and quotations omitted).

In the Motion, Defendants do not even argue that they were prosecuted because they belong to a protected class or another arbitrary classification. [*See generally* ECF No. 39]. Defendants do not present any evidence to suggest selective prosecution at all, and therefore they have failed to meet the burden required to support a selective prosecution claim. Furthermore, there is nothing at all (literally, zero) in this record to support a finding that there was an equal protection violation as the basis for their prosecution. The claim for selective prosecution in the Motion borders on the frivolous, and the Court DENIES the Defendants' selective prosecution claim.

### C. Vindictive Prosecution

Most of Defendants' arguments tend to sound in a vindictive prosecution claim rather than a selective prosecution claim, so the Court considers the bulk of them in this section—and they fare no better. There are two ways to prove a prosecutorial vindictiveness claim: (1) by showing that a presumption of vindictiveness arises from the government's conduct; or (2) by showing actual vindictiveness. *See, e.g.*, *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008) (citing *United States v. Goodwin*, 457 U.S. 368, 384 n. 19 (1982)); *see also Barner*, 441 F.3d at 1312, 1322 (holding that district court erred in determining that there was evidence to establish a presumption of vindictiveness, but remanding for determination of actual vindictiveness).

To establish actual vindictiveness, a defendant must show through objective evidence that: (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus. *See Barner*, 441 F.3d at 1322 (citing *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001)). A showing of actual vindictiveness is "exceedingly difficult to make." *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987) *reh'g en banc granted, opinion vacated* 816 F.2d

695 (D.C. Cir. 1987), and *opinion reinstated on reconsideration sub nom. Bartlett ex rel. Neuman v. Bowen*, 824 F.2d 1240 (D.C. Cir. 1987).  The Defendants do not come close to making a showing of actual vindictiveness in the Motion or in the Reply.  Not within a country mile of the required showing.

If unable to prove improper motive with direct evidence, however, a defendant may still present evidence of circumstances from which an improper vindictive motive may be presumed.  To invoke such a presumption, a defendant must show that the circumstances "pose a realistic likelihood of 'vindictiveness.'" *Blackledge v. Perry*, 417 U.S. 21, 27 (1974).  By recognizing the possibility of creating a presumption that shifts the burden to the government to justify its conduct, not only is vindictive prosecution deterred, but also defendants are "freed of [the] apprehension of such a retaliatory motivation." *Goodwin*, 457 U.S. at 376.  Such a presumption of vindictiveness is warranted, however, only when circumstances warrant it for all cases of the type presented.  *See id.* at 381.  Because the presumption of vindictiveness must be applicable to all cases presenting the same circumstances, it will rarely, if ever, be applied to a prosecutor's pretrial decisions.  *See id.*  Because of the broad discretion given prosecutors and the wide range of factors that may properly be considered in making pretrial prosecutorial decisions, "a prosecutor should remain free before trial to exercise [that] broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct." *Id.* at 382.  When a presumption of vindictiveness is warranted, the burden shifts to the government to present objective evidence justifying its conduct. *See id.* at 374, 376 n.8.

Defendants' claim of vindictive prosecution is based almost solely on the fact that Defendant Turner was previously indicted for mortgage fraud by AUSA Anton, and Defendants Turner and Anderson are now being prosecuted by AUSA Anton here, years later.  [ECF No. 39 at 8].  Defendants also throw in that they are "not aware of" a similar wire fraud case that has been prosecuted separately in State and Federal courts at the same time.  [*Id.* at 9].  Lastly, Defendants argue that the Petite Policy

requires the Government to come forward with evidence to explain why the Defendants are being singled out for prosecution in contravention of it. [*Id.* at 11].

Defendants have not established either actual vindictiveness or a presumption of it. They have provided no objective evidence—none—to demonstrate that AUSA Anton acted with any genuine animus towards the Defendants and that the Defendants would not have been prosecuted but for that animus. *See Barner*, 441 F.3d at 1322. To the extent the Motion attempts to invoke a "presumption of vindictiveness" that, in the circumstances presented, "pose a realistic likelihood of 'vindictiveness,'" *Blackledge*, 417 U.S. at 27, the Court concludes that the circumstances presented do not warrant finding any presumption of vindictiveness.

The Defendants' assertion of a "presumption of vindictiveness" boils down to the argument that the same prosecutor indicted Defendant Turner in her previous case and the one at issue here. As the Government correctly points out, "Defendants provide no legal basis or conflict argument barring the assignment of a federal prosecutor to an investigation involving a previously prosecuted defendant." [ECF No. 40 at 8]. Similarly, the Court is not aware of any legal basis that would bar it from doing so (and the Defendants provide no such authority), nor is the fact that the same AUSA appears years later by itself enough to presume vindictiveness. As for Defendants' argument that they "cannot recall a similar wire fraud case [that] has been prosecuted separately in State and Federal courts at the same time," [ECF No. 39 at 8–9] the United States responds that "the charged conduct is consistent with charges against similarly situated defendants for similar conduct." [ECF No. 40 at 8].

Even if the allegations in the Motion and the Reply supported a presumption of vindictiveness here (they do not), the United States in its response has voluntarily provided an objective explanation for the timing and decision to bring the federal charges. Therefore, the only way for the Defendants to be successful here is by demonstrating actual vindictiveness, which they clearly have not done. *See*

8

*United States v. Jones*, 601 F.3d 1247, 1261 (11th Cir. 2010).  Therefore, the Court DENIES the Motion's vindictive prosecution claim.

Defendants' Motion is DENIED on all grounds, but to state that obvious conclusion treats the Motion as a serious challenge when it is nothing of the sort.  To allege a vindictive-prosecution claim against a line prosecutor with no evidence as this Motion does—solely by pointing to the fact the AUSA prosecuted Defendant Turner in 2005 and is now the AUSA in charge of prosecuting Defendant Turner and Defendant Anderson on the new federal charges in the Indictment—borders on the frivolous and even unethical.  *See* Fed. R. Crim. P. 12(b)(3), 47; Rule 4-3.1, Rules Regulating the Florida Bar.  The Motion is signed by experienced attorneys, contains no supporting evidence at all, and baselessly accuses a specific federal prosecutor of misconduct that—if there were any evidence to support it—would be an extremely serious breach of his oath of office and the most fundamental tenets of the position.  *See* Fed. R. Crim. P. 49(b)(4); S.D. Fla. L. R. 11.1.  Such a Motion says more about the signers than the intended target.

### III.    CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 39**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida this February 12, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record