UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60126-CR-LEIBOWITZ

UNITED STATES OF AMERICA

vs.

JANICE ELEANOR TURNER
and
KISEAN PAUL ANDERSON,
       a/k/a Sean Kingston,

               Defendants.
_____/

## UNITED STATES OF AMERICA'S MOTION IN LIMINE TO ALLOW USE OF DEFENDANT'S PRIOR CONVICTIONS AS IMPEACHMENT SHOULD THE DEFENDANT'S DECIDE TO TESTIFY

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and hereby files it Motion in Limine to allow use of the Defendant's prior convictions as impeachment evidence should the Defendant's decide to testify, and in support states as follows:

On October 3, 2023, Defendant Kisean Anderson was convicted in the State of California under case number LA093824 for a felony violation of California Penal Code Section 487(a) relating to Grand Theft and was thereafter sentenced to one day in jail, placed on 2 years probation, and ordered to complete 45 days of community service and pay restitution in the amount of $176,200.00.  (See attached Exhibit 1)

On January 27, 2006, Defendant Janice Turner was convicted in the Southern District of Florida under case number 05-60165-CR-Dimitrouleas of one (1) count of Bank Fraud in violation of Title 18, United States Code, Section 1344 and four (4) counts of Filing False Loan Applications in violation of Title 18, United States Code, Section 1014, and was thereafter sentenced to 16 months of imprisonment to be followed by 5 years of supervised release and was ordered to pay

$131,723.33 in restitution.  Turner was released from custody on March 14, 2007 and her supervision terminated on March 14, 2012. (See attached Exhibit 2)

Under the Federal Rules of Evidence, a party is permitted to attack a witness's character for truthfulness by introducing evidence of the witness's prior conviction, subject to limitations as set forth under Rule 609(a), which states in pertinent part that for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant. *See* FRE 609(a)(1)(B).  As such, a criminal defendant who chooses to testify places his credibility in issue as does any witness; therefore, he is subject to impeachment through evidence of prior convictions. <u>United States v. Vigliatura</u>, 878 F.2d 1346, 1350-51 (11th Cir. 1989).  Accordingly, should Defendant Anderson decide to testify, it is the government's position that his recent conviction for felony Grand Theft is clearly admissible to impeach his credibility.

However, as to Defendant Turner, Federal Rules of Evidence 609(b) prohibits the admission of evidence of past convictions for impeachment purposes if more than ten years have passed since the conviction or release from confinement, whichever is later, unless: (1) the conviction's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Civ. P. 609(b).  In the instant case, Defendant Turner was released from confinement on March 14, 2007 and her supervised release concluded on March 14, 2012.  The offense in question as charged in count 1 of the Superseding Indictment is alleged to have begun on April 11, 2023 with admitted evidence dating back to November of 2021.  As such, Defendant Turner's felony conviction appears to be more than 10 years old under FRE 609(b).

Nevertheless, in the instant case, it is the Government's contention that her conviction's probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect, and is therefore admissible. As the Eleventh Circuit stated in <u>United States v. Pritchard</u>, 973 F.2d 905, 908 (11th Cir. 1992), "[i]n this circuit, there is a presumption against the use of prior crime impeachment evidence over ten years old; such convictions "will be admitted very rarely and only in exceptional circumstances." <u>United States v. Tisdale</u>, 817 F.2d 1552, 1555 (11th Cir. 1987). The danger in admitting stale convictions is that while their remoteness limits their probative value, their prejudicial effect remains. "The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged." <u>United States v. Beahm</u>, 664 F.2d 414, 418–19 (4th Cir.1981). Nevertheless, the <u>Pritchard</u> Court continued and adopted several relevant factors as outlined in <u>United States v. Sloman</u>, 909 F.2d 176, 181 (6th Cir.1990) to determine whether or not to admit the evidence pursuant to FRE 609(b) which included: (1) The impeachment value of the prior crime; (2) The point in time of the conviction and the witness' subsequent history; (3) The similarity between the past crime and the charged crime; (4) The importance of the defendant's testimony; (5) The centrality of the credibility issue, and (6) The government's need for the impeaching evidence. *See* <u>Pritchard</u>, 973 F.2d at 909. As a result of this analysis, the *Pritchard* court ultimately affirmed the trial court's admission of a thirteen year old burglary conviction.

Here, while it is unknown at this point exactly whether or not Defendant Turner will testify and what she would say, if she should testify, the impeachment value of Bank Fraud and Filing False Loan Application convictions is extremely high in the instant prosecution for Wire Fraud. Moreover, the similarity of the past crimes and the charged crime is high, wherein the Defendant previously was found to have falsified bank records and loan applications when she purchased four cars and established a line of credit at two local credit unions and one national bank using the stolen

identity of an individual bearing the initial I.G. Additionally, the Defendant's testimony is important in that her intent to defraud is essentially the only remaining issue for the jury to decide, and therefore her testimony is not only important regarding this issue, but her credibility as to her purported intent or lack thereof is central to the jury's determination of the case. Finally, while the conviction on its face appears to be approximately eighteen (18) years old from her release from confinement, it is only thirteen (13) years old from her release from supervised release and only approximately nine and a half (9.5) years from her release from supervision and the earliest date of fraudulent conduct as admitted in the instant case. *See* Gov't Exhibit 41.

Accordingly, for the foregoing reasons, it is the Government's position that Defendant Turner's prior federal conviction is admissible for impeachment should she decide to testify and that its probative value substantially outweighs its prejudicial effect under the Pritchard factors.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: _____
Marc Anton
Assistant United States Attorney
500 East Broward Blvd, 7th Floor
Fort Lauderdale, Florida 33394
Tel: (954) 660-5096
Fla. Bar # 0148369
Marc.anton@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

_____
Marc Anton
Assistant United States Attorney