UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cr-60126-LEIBOWITZ

**UNITED STATES OF AMERICA**
   **Plaintiff,**
vs.

**KISEAN PAUL ANDERSON,**
 **a/k/a SEAN KINGSTON,**
   **Defendant.**
_____/

## DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Defendant, KISEAN PAUL ANDERSON, by and through undersigned counsel, pursuant to Rule 32(f) of the Federal Rule of Criminal Procedure, Rule 88.9 of the Local Rules for the Southern District of Florida and the Due Process Clause of the Fifth Amendment to the United States Constitution, respectfully files the Defendant's objections to the Pre-Sentence Investigation Report (PSI) and states:

1. Paragraph 7

The Defense objects to paragraph 7. This paragraph correctly states the dates of relevant conduct as between April 11, 2023 and March 29, 2024, as charged in the Indictment. However, this paragraph incorrectly states that between April 11, 2023 and March 29, 2024, Turner and Anderson conspired to defraud at least 10 individuals with the amount of loss of $2,736,725. In fact, the remainder of this Presentence Investigation Report directly contradicts the number of victims and the amount of loss during the relevant period as stated. It appears that probation has counted conduct from as early as 2021 and 2022 in calculating the loss amount and the number of victims.

2. Paragraphs 13, 14, 15, 16

The Defense objects to paragraphs 13, 14, 15 and 16. The conduct in these paragraphs is from 2021, which was outside of the scope of the indictment and not relevant conduct under §1B1.3(a).

3. Paragraphs 17, 18, 19, 20

The Defense objects to paragraphs 17, 18, 19 and 20. The conduct in these paragraphs is from 2021, which was outside of the scope of the indictment and not relevant conduct under §1B1.3(a).

4. Paragraphs 21 – 26

The Defense objects to paragraphs 21 to 26 in that I fails to mention that the true owner of the watch was paid in full.

5. Paragraph 27

The Defense objects to paragraph 27 in that the equipment was eventually returned to Ver Ver.

6. Paragraph 28

The Defense objects to paragraph 28 in that it should reflect that Ocean Auto Club was paid $75,000 in various payments before the vehicle was repossessed.

7. Paragraph 29

The Defense objects to paragraph 29 in that one watch was returned to Mr. Nikolenko and the other watch was returned to the true owner of the watches.

8. Paragraph 30

The Defense objects to paragraph 30 and the transactions listed. It does not appear that

these transactions are within the scope of the indictment. Transaction listed being counted as relevant loss. It should also be noted that Expimled FL is doing business as Ver Ver Entertainment, which was already discussed in paragraph 27.

9. Paragraph 50

The Defense objects to the amount of loss being over $1,500,000.

10. Paragraph 51

The Defense objects to the two-level upward adjustment for offense involving 10 or more victims pursuant to §2B1.1(b)(2)(A)(i). There were not over 10 victims during the period of relevant conduct.

11. Paragraph 63

The Defense objects to paragraph 63 and Mr. Anderson receiving two criminal history points. The conviction in this paragraph should not be counted as a prior conviction. This conduct should be counted as relevant conduct and Mr. Anderson not receive two criminal history points. Mr. Anderson's criminal history should be category I. In addition, Mr. Anderson would then qualify for an additional two-level decrease for zero-point offender pursuant to USSG §4C1.1

12. Paragraphs 58 and 109

If the Court sustains Mr. Anderson's objections, the total offense level should be 17, a criminal history category I, and a guideline imprisonment range of 24-30 months.

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on July 25, 2025, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue, Suite 1500
Ft. Lauderdale, FL 33301
Telephone:	954.920.9750
Facsimile:	954.400.0335
E-Mail: Zeljka@bozaniclaw.com

By: ___/s/*Zeljka Bozanic*_____
    Zeljka Bozanic
    Florida Bar No.  23707