UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60126-LEIBOWITZ

UNITED STATES OF AMERICA

vs.

KIESEAN PAUL ANDERSON,
      a/k/a/ Sean Kingston
            Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO PRE-SENTENCE INVESTIGATION REPORT

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and hereby submits its response to the Defendant's objections to the revised Pre-Sentence Investigation Report (PSI), and in support, states as follows:

On March 28, 2025, the defendant was found guilty by a jury of Counts One, Three, Four, Five, and Six of a six count indictment. Count One charged the Defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Counts Three, Four, Five, and Six charged her with wire fraud, in violation of 18 U.S.C. § 1343.

Thereafter, a PSI was completed by U.S. Probation (DE 128), and it was determined that the Defendant had a total offense level of 25 and a criminal history category of II, for an advisory guidelines imprisonment range of 63-78 months. On July 25, 2025, the Defendant filed objections to the PSI objecting to both the loss amount as well as the inclusion of 2 criminal history points as a result of the Defendant's criminal conviction in Los Angeles, CA on November 23, 2023 for Grand Theft. For the below reasons, these objections are without merit and should be overruled.

1

## LOSS AMOUNTS

As previously stated, it is the Government's position that there are a total of 21 total victims, who suffered an intended loss of $3,125,601.92. Twelve (12) of these victims were defrauded within the time periods charged in the instant conspiracy, and ten (10)[1] of these victims were defrauded outside the time period charged in the instant conspiracy but are included as they constitute relevant conduct under the Sentencing Guidelines. On July 23, 2025, USSS Special Agent Amanda Cook testified at the sentencing of convicted co-defendant Janice Turner regarding the below chart and presented evidence including text messages, fake wire receipts, other documents, and victim statements that justified the below loss spreadsheet.

| # | Victim | Date Fraudulent Receipt Sent | Intended Loss | Recovered | Restitution Owed |
|---|---|---|---|---|---|
| 2 | Steven Young | 4/26/2023 & 5/15/2023 | $215,000.00 | $215,000.00 | $0.00 |
| 3 | Mazal Jewelers Inc | 10/24/2023 | $285,000.00 | $285,000.00 | $0.00 |
| 4 | Ocean Auto Center Inc | 11/21/2023 | $159,702.78 | $159,702.78 | $0.00 |
| 5 | Ver Ver Entertainment | 1/15/2024 | $40,000.00 | $40,000.00 | $0.00 |
| 6 | Andrii Nikolenko (Watch Owners: Mark & Iulia Pugachev) | 3/14/2024 | $480,000.00 | Watches returned* | TBD |
| 7 | Rockstar Jewelers/The Buff Store | 8/11/2023 & 9/1/2023 | $18,000.00 | $18,000.00 | $0.00 |
| 8 | Alan and Co Jewelers LLC | 5/13/2022 & 8/25/2023 | $200,000.00 | $200,000.00 | $0.00 |
| 9 | Approved Jets LLC | 8/24/2023 & 8/25/2023 | $47,000.00 | TBD | TBD |
| 10 | Royalty Motors Inc | 2/3/2024 | $306,840.00 | $306,840.00 | $0.00 |
| 11 | Bo Coates | 2/7/2024 | $69,000.00 | $30,500.00 | $38,500.00 |
| 12 | 4610SWR LLC | 2/8/2024 | $32,400.00 | $32,400.00 | $0.00 |
| 13 | California Entertainer Coach | 7/6/2023 | $7,271.89 | $7,271.89 | $0.00 |
| 14 | Dream Watch Sdn Bhd | Multiple (2022) | $916,000.00 | $0.00 | $916,000.00 |
| 15 | Keisha Sewell | 1/9/2023 | $7,000.00 | $7,000.00 | $0.00 |
| 16 | Gabriel Ruiz Ramirez | 1/4/2023 | $3,944.25 | $3,944.25 | $0.00 |
| 17 | Uriel Rosenblum | 1/3/2023 | $16,866.00 | $16,866.00 | $0.00 |
| 18 | Professional Audio Design Inc | 12/9/2022 | $47,377.00 | $47,377.00 | $0.00 |
| 19 | Menard Home Group | 11/7/2022 | $4,200.00 | $0.00 | $4,200.00 |
| 20 | Moses Services Inc | 10/14/2022 | $76,000.00 | $0.00 | $76,000.00 |
| 21 | AAA Gold LLC | 8/22/2022 | $61,000.00 | $61,000.00 | $0.00 |
| 22 | Scott Gai Evans - Kings Life Group | 11/4/2021 | $133,000.00 | $0.00 | $133,000.00 |
| 23 | | | $3,125,601.92 | | $1,167,700.00 |

As a result of this testimony, the Court made specific findings that more than ten victims had been defrauded and determined that the loss amount was more than $1.5 million and less than $3.5 million dollars, ruling that the relevant conduct began as early as November of 2021. Accordingly, the Court increased the base offense level by 16 levels pursuant to 2B1.1(b)(1)(I) for

---

[1] One victim, Alan and Co Jewelers LLC suffered a loss both within and outside the time periods charged in the Indictment.

the loss amount and increased the base offense level by 2 levels pursuant to 2B1.1(b)(2)(A)(i) because the offense involved more than 10 victims. Consequently, this objection is without merit as the Court has already overruled these objections for the Defendant's co-defendant, and therefore they should again be overruled.

## CRIMINAL HISTORY

In the Defendant's Objections to the PSI, the defense stated their objection to paragraph 63 of the PSI wherein the Defendant was assessed 2 criminal history point stemming from his November 23, 2023 Los Angeles, CA conviction for Grand Theft that resulted in the imposition of two years of probation and one day of jail. In their objection, and without the citation to any authority or factual support, the defendant merely claimed in a summary fashion, "[t]he Defense objects to paragraph 63 and Mr. Anderson receiving two criminal history points. The conviction in this paragraph should not be counted as a prior conviction. This conduct should be counted as relevant conduct and Mr. Anderson should not receive two criminal history points. Mr. Anderson's criminal history should be category I." (DE 147 at 3).

Under 4A1.1(c) of the Sentencing Guidelines, one point is added for each prior sentence not counted under §4A1.1(a) or (b). Because the Defendant was sentenced to 1 day in jail and 2 years of Probation, this sentence falls within 4A1.1(c).[2] There is no legal reason why this criminal conviction should not receive a criminal history point and therefore should be included in the Defendant's criminal history.

---

[2] In paragraph 63 of the PSI, the Probation Officer assigned 2 criminal history points to this conviction under 4A1.1(b). However, the Defendant's sentence did not result in a sentence of imprisonment of at least sixty days, and therefore, only 1 point under 4A1.1(c) is appropriate, rather than 2 points under 4A1.1(b). Accordingly, the Defendant's criminal history category should be I, not II.

WHEREFORE, for the foregoing reasons, the Government states that the intended loss amount is $3,125,601.92 and the Defendant's correct criminal history category is a I, for an advisory guidelines range of 57-71 months.

      Respectfully submitted,

      HAYDEN P. O'BYRNE
      UNITED STATES ATTORNEY

By: /s/ Marc S. Anton
    MARC S. ANTON
    Assistant U.S. Attorney
    Florida Bar No. 0148369
    500 E. Broward Blvd., Suite 700
    Fort Lauderdale, FL 33394
    Tel: (954) 660-5096
    Fax: (954) 356-7336
    Marc.anton@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

      / s/ Marc S. Anton
      Assistant U.S. Attorney